NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS GIORDANO and EVELYN ANSING GIORDANO (A204154494),<br><br>Plaintiff,<br><br>v.<br><br>ERIC HOLDER, JR., Attorney General of the United States, and UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES<br><br>Defendants. | Civil Action No.: 2:15-1270-CCC<br><br>OPINION |

**CECCHI, District Judge.**

This matter comes before the Court by way of motion by Plaintiffs Thomas Giordano and Evelyn Ansing Giordano ("Plaintiffs") for leave to file an amended complaint. ECF No. 29. Defendants Eric Holder, Jr., Attorney General of the United States and United States Citizenship and Immigration Services ("USCIS" and collectively, "Defendants") oppose the motion. ECF No. 31. The Court decides the motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs' motion is granted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Thomas Giordano ("Mr. Giordano") is a U.S. citizen. Amended Complaint, ECF No. 6 ("Compl.") ¶ 2. On November 6, 1996, Mr. Giordano was convicted of a sex offense against a minor ("1996 conviction"). *See* Defs. Mot. to Dismiss, Ex. A, ECF No. 9-4 at 2.

On May 13, 2012, Mr. Giordano married Plaintiff Evelyn Ansing Giordano ("Ms.

Giordano"), a citizen of the Philippines. Compl. ¶¶ 2, 6. On or about August 10, 2012, Mr. Giordano filed with USCIS a Form I-130 Petition for Alien Relative ("I-130") on behalf of Ms. Giordano to have her legally admitted to the United States. *See* Compl. ¶¶ 5-6. At the same time, Ms. Giordano filed a Form I-485 Application to Register Permanent Residence or Adjust Status ("I-485"). Compl. ¶ 6.

USCIS denied both petitions on June 10, 2013. *See* Defs. Mot. to Dismiss Ex. A. at 1. USCIS denied Mr. Giordano's I-130 petition because, under the Adam Walsh Act ("AWA"), Pub. L. No. 109-248, 120 Stat. 587 (2006), a U.S. citizen convicted of a "specified offense against a minor" is prohibited from filing a visa petition on behalf of a family member unless USCIS, "in its sole and unreviewable discretion," determines the petitioner poses "no risk" to the family member. 8 U.S.C. § 1154(a)(1)(A)(viii)(I). USCIS found Mr. Giordano's 1996 conviction qualified as a "specified offense against a minor" under the AWA and Mr. Giordano failed to demonstrate "beyond any reasonable doubt" that he posed "no risk" to Ms. Giordano. *See* Defs. Mot. to Dismiss Ex. A. at 2-5.

Mr. Giordano appealed USCIS's decision to the Board of Immigration Appeals ("BIA"). *See* Compl. Ex. A at 1. On May 7, 2015, the BIA affirmed USCIS's decision and dismissed Mr. Giordano's appeal because Mr. Giordano did not dispute that he had been convicted of a specified offense against a minor and the BIA lacked jurisdiction to review USCIS's discretionary "no risk" determination. *See id.* at 1-2.

Plaintiffs filed a petition for a writ of mandamus on February 18, 2015. ECF No. 1. On May 18, 2015, after the BIA issued its decision, Plaintiffs filed an Amended Complaint seeking declaratory and injunctive relief. ECF No. 6. Plaintiffs assert claims challenging the application and implementation of the AWA, alleging that it is unconstitutional for reasons including, *inter*

*alia*, that it "violates substantive and procedural due process," and "imposes a constitutionally excessive penalty upon a United States citizen," in violation of the Fifth and Eighth Amendments of the U.S. Constitution." *See* Compl. ¶¶ 9-21.

On July 17, 2015, Defendants moved to dismiss Plaintiffs' Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 9. On October 5, 2015, Plaintiffs opposed the motion and moved for summary judgment on Counts I through V. ECF No. 15. Plaintiffs also agreed to withdraw Count VI "[i]n the interests of judicial economy," *id.* at 7, and asked this Court to "defer decision" on Count VII, *id.* at 33.

On September 16, 2016, Defendants filed a Notice of Supplemental Authority with this Court, advising the Court of a published decision from the Eighth Circuit, *Bremer v. Johnson*, No. 15-1163, 2016 WL 4473244 (8th Cir. Aug. 25, 2016), addressing issues in this area. ECF No. 27. On October 27, 2016, Plaintiffs filed a Motion for Leave to Amend the Complaint. ECF No. 29. Plaintiffs seek to add a claim concerning whether "the AWA requirement of a 'no risk determination' for a petitioner convicted of a specified offense applies only to petitions that the defendants have not accepted for filing." *See id.* Defendants oppose the motion. ECF No. 31.

## II. <u>LEGAL STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant leave to amend is left within the discretion of the district court. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 144 n.10 (3d Cir. 2009). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Pursuant to the factors set out in *Foman v. Davis*,

3

leave to amend must be granted in the absence of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants oppose Plaintiffs' motion on the grounds of undue delay and futility, and the Court will address each in turn.

III. **DISCUSSION**

    A. **Undue Delay**

Defendants argue the Court should deny Plaintiffs' motion for leave to amend because of undue delay. ECF No. 31 at 2. Defendants argue Plaintiffs "had several opportunities to move to amend [the] Complaint," and failed to do so. *Id.* Defendants explain Plaintiffs had the opportunity but failed to raise the additional claim in the First Amended Complaint, in any responsive pleadings, in the motion for summary judgement, and during oral arguments. *Id.* Plaintiffs argue "this amendment was sought after the first authority came down recognizing that such a claim was not jurisdictionally barred." ECF No. 33 at 1.

"Delay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978). Here, the Court finds Plaintiffs' motion for leave to amend does not present undue delay. Despite Defendants' contentions that Plaintiffs could have requested leave to amend at an earlier point, Plaintiffs were engaged in dispositive motion practice, addressed to the prior pleading. Therefore, Plaintiffs did not unduly delay the amendment given the procedural posture. Moreover, Plaintiffs' argument on the application for amendment appears premised on the contention that the decision in *Bremer v. Johnson*, No. 15-1163, 2016 WL 4473244 (8th Cir. Aug. 25, 2016), was the first to find that Plaintiffs' proposed amendment was

4

not jurisdictionally barred, and Plaintiffs filed the instant motion for leave to amend two months after the decision was issued. *See* ECF No. 29. Accordingly, the Court finds Plaintiffs' motion does not unduly prejudice the Defendants and does not present undue delay.

### B. Futility

Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (quoting *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, § 1487 (2d ed. 1990). Effectively, this means that to be futile, the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings v. Dice Elecs. LLC*, 293 F.R.D. 688, 695 (D.N.J. 1993).

The Adam Walsh Act ("AWA") provides that "any citizen of the United States claiming that an alien is entitled to classification [as] . . . an immediate relative . . . *may file* a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i) (emphasis added).

5

Subsection 1154(a)(1)(A)(viii)(I) precludes application of that clause "to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security . . . determines that the citizen poses no risk to the alien with respect to whom the petition described in clause (i) is filed." In essence, the subsection provides that a citizen convicted of a specified offense against a minor *may not file* a petition for classification of an immediate alien relative unless the Secretary of Homeland Security determines that the citizen poses no risk to the alien.

    Plaintiffs' amendment claims:

> the AWA requirement of a "no risk determination" for a petitioner convicted of a specified offense applies only to petitions that the defendants have not accepted for filing. In his case the defendants accepted Mr. Giordano's petition for filing and took his fee payment for the I-130. Under these circumstances the AWA does not apply.

*See* ECF No. 29. Defendants argue Plaintiffs' amendment is futile because Plaintiffs' interpretation would require USCIS to engage in "front-desking," the practice of rejecting an application on its face from a cursory determination, which the Supreme Court has called into question and which prevents USCIS "from granting [Plaintiffs'] procedural due process, both at the administrative and judicial level. ECF No. 31 at 6.

    Here, the Court finds Plaintiffs' proposed amendment is not clearly futile, as it does not appear to be legally insufficient on its face. This dispute raises questions of pleading and statutory interpretation that exceed the limited analysis that applies to a Rule 15 motion to amend. Accordingly, Plaintiffs' motion for leave to amend is granted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to amend is granted. An appropriate Order accompanies this Opinion.

DATED: May 12 2017

CLAIRE C. CECCHI, U.S.D.J.